Bobby NIXON and Lois Nixon, Parents and Next Friend
of Charlotte Nixon Berry *v.* H & C ELECTRICAL
COMPANY, Inc. and Southern Farm Bureau Casualty
Insurance Company, et al.

91-148                                          818 S.W.2d 251

Supreme Court of Arkansas
Opinion delivered November 4, 1991

*M. Edward Morgan*, for appellants.

*Laser, Sharp, Mayes, Wilson, Bufford and Watts, P.A.*, by:
*Alfred Angulo* and *Brian Allen Brown*, for appellees.

DONALD L. CORBIN, Justice. This appeal involves the
interpretation of our underinsured motorist statute. Our jurisdic-
tion is pursuant to Ark. Sup. Ct. R. 29(1)(c). Charlotte Nixon
Berry was injured in a car accident on December 4, 1987.

Appellants Bobby and Lois Nixon, as parents and next friend of Berry, sued appellee H & C Electrical Company for damages caused by its employee, Wayne Head, while acting within the scope of his employment. H & C Electrical Company's insurance policy limit was $65,000. As there were other persons injured in the same accident, appellants anticipated that the policy limit of $65,000 would not cover all the damages resulting from the accident. They therefore amended the complaint to include Berry's insurance carrier, appellee Farm Bureau, as a defendant. Appellants claimed that Farm Bureau was obligated to Berry under the underinsured motorist clause of her policy. Farm Bureau moved for summary judgment on the basis that Berry did not have underinsured motorist coverage as of the date of the accident. The trial court granted Farm Bureau's motion for summary judgment. The case was then tried to the court and judgment was entered against H & C Electrical Company for $61,172.99. Appellants received $28,895.10 from H & C Electrical Company's policy, thereby leaving Berry underinsured in the amount of $32,277.89. From the order granting summary judgment in favor of Farm Bureau comes this appeal. We affirm.

On appeal, appellants claim Berry is entitled to recover from Farm Bureau under the underinsured motorist coverage stated in her policy declaration effective December 4, 1987, the date of the accident. Appellants claim that Ark. Code Ann. § 23-89-209 (Supp. 1989), which was effective July 20, 1987, requires Farm Bureau to have provided Berry with underinsured motorist coverage on December 4, 1987. Section 23-89-209 states that "[e]very insurer writing automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicles in this state *shall* make underinsured motorist coverage available to the named insured[.]" (Emphasis supplied.)

Farm Bureau claims there was no underinsured motorist coverage in Berry's policy which was in effect on December 4, 1987. Berry's policy was renewed on July 5, 1987; Farm Bureau maintains it was not required to offer Berry underinsured motorist coverage until January 5, 1988, the first renewal date of Berry's policy after the effective date of section 23-89-209.

In support of their argument, appellants claim section 23-

89-209 is unambiguous and as such, must be given effect as it reads without resorting to construction or interpretation. *Kansas City So. Ry. Co.* v. *Pledger*, 301 Ark. 564, 785 S.W.2d 462 (1990). Appellants cite the following quotation, "The first rule to be applied in statutory construction is to give the words in the statute their usual and ordinary meaning. If there is no ambiguity we give a statute effect just as it reads." *Chandler* v. *Perry-Casa Public Schools Dist. No. 2*, 286 Ark. 170, 172, 690 S.W.2d 349, 351 (1985).

Appellee Farm Bureau points out that since the time of Berry's accident, section 23-89-209 has been amended. 1991 Ark. Act 209 had an effective date of February 21, 1991, and amended section 23-89-209 to require that underinsured motorist coverage be rejected in writing. 1991 Ark. Act 1123 amended section 23-89-209 to provide that "[t]he notice to policy holders regarding the right to reject the coverage required in this section applies to policies issued after February 21, 1991, *or the first renewal after February 21, 1991, of an existing policy*[.]" (Emphasis supplied.) Farm Bureau argues that the amendments reflect the legislature's intent that section 23-89-209's requirement of offering underinsured motorist coverage apply to new policies issued on or after July 20, 1987, section 23-89-209's effective date, and to existing policies on the first renewal after July 20, 1987.

■ The amendments to section 23-89-209 indicate the legislative intent that underinsured motorist coverage be offered to every insured and that rejection of such coverage be written. We hold the specific expression in 1991 Ark. Act 1123 that the written rejection requirement be effective on "February 21, 1991, or the first renewal after February 21, 1991" indicates the legislative intent that the initial requirement of offering the underinsured motorist coverage be effective on July 20, 1987, or the first renewal after July 20, 1987. *See Nathaniel* v. *Forrest City School Dist. No. 7*, 300 Ark. 513, 780 S.W.2d 539 (1989).

This holding is consistent with the following statements of the general rule of the effective dates of statutes concerning insurance policies:

An insurance policy is governed by statutes existing when it [is] issued, . . . .

> Statutes subsequently enacted ordinarily do not affect contractual rights, whether the concern be with policies of personal, property, or liability insurance, or bonds; however, where an existing policy is renewed, although the results vary, the better rule is to regard the statute as applicable to the extended contract.

Appleman, 12 *Insurance Law and Practice* § 7041 at 171-176 (1982).

> Insurance statutes are usually considered to operate prospectively only, and not retroactively, so as not to affect contracts issued prior to the date of passage of such act.

Appleman, 19 *Insurance Law and Practice* § 10326 at 54 (1982).

In *M.F.A. Mutual Ins. Co.* v. *McKinley*, 245 Ark. 326, 328, 432 S.W.2d 484, 485 (1968), a case involving the application of our uninsured motorist statute to an accident occurring after the effective date of the statute, we stated "we cannot give the statute a retroactive effect that would cut off a valid defense available to the insurer before the passage of the act." Although *McKinley* involved facts distinctly different from the present case, we think it is a statement of our inclination to follow the above-quoted general rule.

▮▮ In granting Farm Bureau's summary judgment the trial court held that "because the policy in question was renewed on July 5, 1987, prior to the effective date of the Underinsured Motorist Act which was July 20, 1987, Farm Bureau was not required to offer underinsured motorist coverage to Berry at that time." Summary judgment is an extreme remedy and should only be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Morris* v. *Valley Forge Ins. Co.*, 305 Ark. 25, 805 S.W.2d 948 (1991). On appeal, we need only decide if the granting of summary judgment was appropriate based on whether the evidentiary items presented in support of the motion left a material question of fact unanswered. *Barraclough* v. *Arkansas Power & Light Co.*, 268 Ark. 1026, 597 S.W.2d 861 (1980). There is no question of fact involved here, only the question of law regarding the interpretation of a statute. Thus, we cannot say the

trial judge erred in granting summary judgment.

Affirmed.

GLAZE, J., not participating.