John DILLARD v. RESOLUTION TRUST
CORPORATION as Receiver for Savers Federal Savings
and Loan Association

91-294                                        824 S.W.2d 387

Supreme Court of Arkansas
Opinion delivered February 17, 1992

*J. Michael Hankins*, for appellant.

*Friday, Eldredge & Clark*, by: *Harry A. Light*, for appellee.

DONALD L. CORBIN, Justice. Appellant, John E. Dillard, appeals an order of the Pulaski County Circuit Court entering summary judgment in favor of appellee, the Resolution Trust Corporation (RTC), as receiver for Savers Federal Savings and Loan. For reversal of the summary judgment, appellant contends the trial court erred in applying the law. We find no error in the trial court's granting summary judgment and affirm.

Appellant filed suit against Savers Federal Savings and Loan seeking reimbursement of $34,434.05 that he claims was negligently paid to his son from an account which was held in the names of "John E. Dillard or Cecilia Ann Dillard or John Vincent Dillard" (appellant, appellant's former wife, and appellant's son) but for which his son had not executed a signature card. After being substituted as the real party in interest, appellee answered the complaint, admitting the absence of the signature card but denying any negligence in honoring the withdrawal request of appellant's son. Appellee then filed a motion for summary judgment with supporting brief and affidavit. Appellant did not respond to the motion nor file any affidavits of his own, however he was present and represented by counsel at the hearing on the motion. After conducting the hearing, the trial court entered an order stating as follows:

> 1. The Defendant filed a Motion for Summary Judgment, supporting Brief, and supporting Affidavit by Mr. C. E. Frost.
>
> 2. Plaintiff did not file a response to Motion for Summary Judgment, Supporting Brief, nor did Plaintiff file any Affidavit in rebuttal.
>
> 3. The facts as undisputed, reflect that account number 920151-8 was opened in the name of Mr. John Vincent Dillard or Mr. John E. Dillard or Mrs. Cecilia Dillard on or about February 10, 1983, and that Defendant's records do not contain any written designation to the effect that the signature of more than any one person on the account was required to make withdrawal from the account. Further, the facts, as undisputed, reflect that a withdrawal request was executed from John Dilliard on or

about July 29, 1987, requesting that the sum of $34,434.05 be withdrawn from account number 920151-8, and that said withdrawal request as honored by Defendant and a check issued to John Vincent Dillard or John E. Dillard or Cecilia Dillard in the amount of $34,434.05.

4. From the facts, as undisputed, there does not appear to be any genuine issue of material fact remaining to be decided, and so from these undisputed facts and considering the applicable law the Motion for Summary Judgment should be granted.

■■ Summary judgment is an extreme remedy that is granted only when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." ARCP Rule 56(c); *Nixon* v. *H & C Elec. Co.*, 307 Ark. 154, 818 S.W.2d 251 (1991). Neither party is required to support or oppose the motion by producing supporting documents. However, if the moving party supports its motion by making a prima facie showing of an absence of factual issues and entitlement to judgment as a matter of law, the "adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits, or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." ARCP Rule 56(e). We have interpreted Rule 56(e) many times and have summarized its requirements by stating that once the moving party makes a prima facie showing of entitlement, the opposing party must meet proof with proof by showing a genuine issue as to material fact. *Carmichael* v. *Nationwide Life Ins.*, 305 Ark. 549, 810 S.W.2d 39 (1991); *Anderson* v. *First Nat'l Bank*, 304 Ark. 164, 801 S.W.2d 273 (1990).

■ We conclude that appellee made a prima facie showing of entitlement to summary judgment and that appellant failed to offer proof of any issues of material fact. The trial court's order accurately states the facts as alleged in appellee's motion and affidavit. Appellant did not respond with any evidence that the facts were otherwise. In his complaint, appellant did allege a

cause of action for negligently honoring his son's withdrawal request. However, as Rule 56(e) states, appellant cannot rely on his pleadings to rebut appellee's prima facie showing of entitlement to summary judgment. Therefore, the trial court was correct in concluding the case was appropriate for summary judgment.

It is true that appellee conceded there was no record of a signature card for appellant's son. However, even after making this concession, appellee presented an argument that it was entitled to judgment under Ark. Code Ann. § 23-37-502 (1987), which required appellee to honor the son's withdrawal request because he was one of three parties to the joint account and there was no written designation requiring the signatures of more than one of the three parties on the withdrawal request. Again, appellant dropped the ball and did not respond with any argument why, even with the absence of the signature card, appellee should not have honored his son's withdrawal request.

■ Appellant's appearance at the hearing on the motion is of no consequence since there is no transcript of the hearing included in the record filed on appeal. Given appellant's failure to respond to appellant's proof in its affidavit as required by Rule 56(e), appellant cannot so respond now for the first time on appeal. The trial court correctly applied the law as section 23-37-502 provides that appellee deal with only one party to a joint account unless there is a designation in writing that appellee deal with more than one of the parties to the joint account. Accordingly, we conclude the trial court's granting of summary judgment was proper.

Affirmed.

BROWN, J., not participating.