558

Alice HIGGINBOTTOM, Trustee, and James Franklin
Higginbottom, Trustee, and Alice Higginbottom and James
Franklin Higginbottom, Individually *v.* Jerry WAUGH and
Clem Moore

93-120                                              856 S.W.2d 7

Supreme Court of Arkansas
Opinion delivered June 21, 1993

*Walmsley & Blankenship*, by: *Tim Weaver*, for appellant.

*H. David Blair*, for appellee Waugh.

*Tom Thompson*, for appellee Moore.

ROBERT L. BROWN, Justice. The appellants, Alice Higgin-
bottom and James Franklin Higginbottom, as trustees and
individuals, appeal from a summary judgment in favor of the
appellees, Jerry Waugh and Clem Moore. They urge that the
circuit court erred in disallowing compensatory damages for
mental anguish caused by the deceit of the appellees in mislead-
ing the Higginbottoms about the security for a promissory note.
We affirm the circuit court's decision.

On October 20, 1989, the Higginbottoms extended a
$100,000 loan made to Waugh and Moore and evidenced by a

promissory note. The note was secured by real property which Waugh and Moore represented was owned by them as individuals and unencumbered. Waugh and Moore subsequently defaulted on the note, and the Higginbottoms sued. The Higginbottoms then discovered that the real property granted to them as security was not owned by Waugh and Moore as individuals and that part of the property was encumbered. They sued on the note for $100,000, for "psychic injury" in the amount of $30,000, and for punitive damages totaling $400,000.

In May 1990, Waugh and Moore made an offer of judgment for the $100,000 plus interest. They then answered the complaint, tendered the full amount due under the note into the registry of the court, and moved to dismiss the complaint on the basis that no cause of action now existed. The Higginbottoms refused to accept the amount tendered and instead filed an amended complaint, praying 1) for $100,000 under the note, 2) for $50,000 for mental anguish caused by the deceit and $500,000 in punitive damages, and 3) for $50,000 compensatory damages and $500,000 punitive damages for the tort of outrage.

On June 28, 1990, the circuit court signed an Agreed Order that the money in the court registry be distributed to the Higginbottoms and that the acceptance of this money would be without prejudice to the Higginbottoms' causes of action for deceit and outrage. The Higginbottoms received $100,572.60 from the court registry and subsequently were awarded attorneys fees. Counsel for all parties approved the Agreed Order.

Almost two years later, Waugh and Moore moved for summary judgment on grounds that there was no legal basis to sustain the deceit claims because the Higginbottoms had been paid in full on the debt and the facts did not rise to the level of outrage. At a hearing on the motion on April 28, 1992, Waugh and Moore argued for the first time that by receiving the money from the court registry in 1990 on the debt claim, the Higginbottoms elected their remedy. The Higginbottoms disputed this at the hearing and argued that election of remedies had not been raised as an affirmative defense in the appellees' answers or as part of their motions for summary judgment. The circuit court took the mater under advisement. On May 11, 1992, Waugh and Moore amended both their answers and their motions for sum-

mary judgment to include an election-of-remedies defense and argument.

The circuit court granted summary judgment on September 2, 1992, in favor of Waugh and Moore on the deceit and outrage counts. The court found, in particular, that the Higginbottoms had been paid in full on the note and, hence, suffered no damages for deceit.

The sole issue raised by the Higginbottoms in this appeal is whether damages for mental anguish were appropriately denied on summary judgment in connection with the deceit claim. We recently set forth our standard of review for summary judgments:

> In these cases, we need only decide if the granting of summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. *Nixon* v. *H & C Elec. Co.*, 307 Ark. 154, 818 S.W.2d 251 (1991). The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. *Cordes* v. *Outdoor Living Center, Inc.*, 301 Ark. 26, 781 S.W.2d 31 (1989). All proof submitted must be viewed in a light most favorable to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. *Lovell* v. *St. Paul Fire & Marine Ins. Co.*, 310 Ark. 791, 839 S.W.2d 222 (1992); *Harvison* v. *Charles E. Davis & Assoc.*, 310 Ark. 104, 835 S.W.2d 284 (1992); *Reagan* v. *City of Piggott*, 305 Ark. 77, 805 S.W.2d 636 (1991). Our rule states, and we have acknowledged, that summary judgment is proper when a claiming party fails to show that there is a genuine issue as to material fact and when the moving party is entitled to summary judgment as a matter of law. Ark. R. Civ. P. 56(c); *Short* v. *Little Rock Dodge, Inc.*, 297 Ark. 104, 759 S.W.2d 553 (1988); *see also Celotex Corp.* v. *Catrett*, 477 U.S. 317 (1986).

*Forrest City Mach. Works* v. *Mosbacher*, 312 Ark. 578, 583, 851 S.W.2d 443 (1993).

We recognize no legal basis for the damages claimed for mental anguish in connection with deceit. In a 1980 landmark

case, we discussed at length our history of the recovery of damages for mental distress. *M.B.M. Co.* v. *Counce*, 268 Ark. 269, 596 S.W.2d 681 (1980). In *Counce*, while we did acknowledge damages for mental anguish in connection with the intentional infliction of emotional distress or outrage, as it has come to be known, we did not do so for mere deceit. Nor have we done so since *Counce*.

Here, the Higginbottoms contend little more than that the failure of Waugh and Moore to provide security for the loan as promised caused them worry and anxiety. Because additional damages for mental anguish due to deceit are not cognizable in this state, the Higginbottoms' claim must fail. The circuit court was entirely correct in finding no damages as a matter of law and in granting summary judgment on this point. The court did so because it perceived no damages for deceit because the Higginbottoms had been paid for the full debt. Though the court's rationale for granting summary judgment on the deceit claim was somewhat different than that expressed in this opinion, we will affirm a court's action, if correct, even though for a different reason. *Merchants & Planters Bank & Trust Co.* v. *Massey*, 302 Ark. 421, 790 S.W.2d 889 (1990).

Affirmed.