Melvin Ricky DANIELS *v.* COLONIAL INSURANCE COMPANY

92-1389                                    857 S.W.2d 162

Supreme Court of Arkansas
Opinion delivered July 13, 1993

*Spencer, Spencer, Depper & Guthrie,* by: *Robert L. Depper, Jr.,* for appellant.

*Wright, Chaney, Berry & Daniel, P.A.,* by: *William G. Wright,* for appellee.

ROBERT L. BROWN, Justice. This case is an appeal from a summary judgment in favor of the appellee, Colonial Insurance Company. The appellant, Melvin Ricky Daniels, raises several issues of material facts which, he contends, remain to be decided. We disagree that the circuit court erred in rendering summary judgment, and we affirm.

On July 21, 1988, the appellant's wife, Sherri Daniels, went to the Colonial offices in Camden at the appellant's request to purchase car insurance. Colonial's agent, M.H. Woodring, assisted her in completing an application that was two pages long. On the first page of the application the appellant was shown as owner of the automobile. On the same page, both Sherri Daniels and the appellant were listed as "drivers in household." Each was further shown as "living with spouse."

On the second page of the application there was a heading which read "COVERAGE REJECTION STATEMENTS — MUST BE SIGNED BY NAMED INSURED IF COVERAGE NOT PURCHASED." Below that was a paragraph entitled "UNDERINSURED MOTORIST BODILY INJURY COVERAGE REJECTION STATEMENT." This paragraph stated that underinsured motorist coverage had been explained to the applicant and that the applicant had rejected it. Sherri Daniels signed at the end of that rejection paragraph as

applicant. Sherri Daniels's and Mr. Woodring's signatures also appear at the end of the application, with Sherri Daniels again designated as the applicant.

Colonial prepared a Declarations Page, which set forth the policy coverages as requested by Sherri Daniels and designated the appellant as the named insured. Underinsured motorist coverage was not included. The policy itself included the following under "Definitions:"

> 2. *You* and *your* mean the policyholder named in the Declarations and spouse if living in the household.

The appellant renewed the policy on the same terms as originally issued once every two months over the next two years, or 12 times. At no time after the application date did the appellant ask that underinsured motorist coverage be added. Nor was an additional premium paid for that coverage.

On July 20, 1990, while operating his 1986 Nissan pick-up truck in Ouachita County, the appellant was involved in an automobile accident with a third party. The medical expense resulting from appellant's injuries exceeded $50,000.00. The third party was responsible for the accident and had maximum coverage of $25,000.00, which was paid. The appellant thereafter sought to collect the remaining $25,000.00 from Colonial under his alleged underinsured motorist coverage. Colonial refused to pay the $25,000.00 on the basis that the appellant through a named insured, Sherri Daniels, had expressly waived the coverage.

On June 6, 1991, the appellant filed a declaratory judgment action against Colonial, contending that he was entitled to $25,000.00 as underinsured motorist benefits and that Colonial had refused his demand. As part of discovery, the appellant answered Colonial's interrogatories and stated that his "estranged wife" had filled out the application for insurance on July 21, 1988. He admitted in those same answers that he asked her to obtain insurance for his vehicle, but he denied that he authorized her to waive any insurance. The appellant also stated that he had never received the Declarations Page which informed him about what coverage he had or the policy itself. He admitted that he had received a copy of the insurance application, which was attached

as Exhibit "A" to his interrogatory responses.

Colonial answered and moved for summary judgment on several bases, including the fact that Sherri Daniels was an insured who could reject the underinsured motorist coverage. The appellant also moved for summary judgment and urged that he was the sole named insured and had never waived underinsured motorist coverage as required by the application.

The circuit court awarded summary judgment to Colonial and found that the appellant authorized Sherri Daniels, his wife, to buy car insurance for him; the appellant received a copy of the application completed by his wife; the appellant was not charged for underinsured motorist coverage; and the policy did not provide such coverage. The court concluded that Sherri Daniels was an insured under the policy who had the right to reject the underinsured motorist coverage.

For his first point, the appellant argues that various material questions of fact remain to be decided rendering summary judgment inappropriate. He also contends that Sherri Daniels was not *the* named insured and, thus, could not reject coverage.

We have recently summarized our standards for summary judgment review:

> In these cases, we need only decide if the granting of summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. *Nixon* v. *H & C Elec. Co.,* 307 Ark. 154, 818 S.W.2d 251 (1991). The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. *Cordes* v. *Outdoor Living Center, Inc.,* 301 Ark. 26, 781 S.W.2d 31 (1989). All proof submitted must be viewed in a light most favorable to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. *Lovell* v. *St. Paul Fire & Marine Ins. Co.,* 310 Ark. 791, 839 S.W.2d 222 (1992); *Harvison* v. *Charles E. Davis & Assoc.,* 310 Ark. 104, 835 S.W.2d 284 (1992); *Reagan* v. *City of Piggott,* 305 Ark. 77, 805 S.W.2d 636 (1991). Our rule states, and we have acknowledged, that summary judgment is proper when a claiming

party fails to show that there is a genuine issue as to material fact and when the moving party is entitled to summary judgment as a matter of law. Ark. R. Civ. P. 56(c); *Short* v. *Little Rock Dodge, Inc.*, 297 Ark. 104, 759 S.W.2d 553 (1988); *see also Celotex Corp.* v. *Catrett*, 477 U.S. 317 (1986).

*Forrest City Mach. Works* v. *Mosbacher*, 312 Ark. 578, 583, 851 S.W.2d 443 (1993); *Higginbottom* v. *Waugh*, 313 Ark. 558, 856 S.W.2d 7 (1993).

■ We agree with the circuit court that Sherri Daniels was a named insured who could reject the coverage at issue as stated in the application. The appellant contends that because he is listed on the Declarations Page as the named insured, he is the only named insured who could waive coverage. The application in this case, however, did not identify a named insured but identified both the appellant and Sherri Daniels as "drivers in the household" and as living with their spouses, the clear reason being to specify drivers who would be covered. In addition, the Definitions section of the policy stated that "*You* and *your* mean the policyholder named in the Declarations and spouse if living in the same household."

■ A distinguished treatise has this to say about insureds under automobile policies:

> Every contract of insurance specifies an insured. In addition, policies of automobile liability insurance generally define certain other persons, commonly described by class, as additional or other insureds.

12 *Couch on Insurance* 2d (Rev. ed. 1981), § 45:267, pp. 581-582. We are required to construe the words of insurance policies in their plain and ordinary sense. *Duvall* v. *Massachusetts Indem. & Life Ins. Co.*, 295 Ark. 412, 748 S.W.2d 650 (1988). Focusing on the plain meaning of the language of the appellant's application and policy, it is clear that Sherri Daniels was an insured who was named.

■ The appellant contends that by denoting Sherri Daniels's status on the date of the application as "estranged" in his answers to interrogatories, this creates a fact question surrounding her marital status and living arrangements. But the word

"estranged" has different levels of meaning and does not necessarily equate to divorce, separation, or life in a different household. Moreover, Colonial presented the application and policy as proof of Sherri Daniels's status. Once Colonial made a prima facie case, the appellant was required to meet proof with proof to create an issue of fact. *Sanders* v. *Banks*, 309 Ark. 375, 830 S.W.2d 861 (1992); *Pruitt* v. *Cargill, Inc.*, 284 Ark. 474, 683 S.W.2d 906 (1985). The mere use of the word "estranged" falls far short of what is required to prove that Sherri Daniels was not a named insured. Without countervailing proof that the appellant and Sherri Daniels were not drivers living in the same household, Colonial's evidence must stand. And as a named insured, Sherri Daniels was well within her rights to reject any coverage offered to her.

The appellant also claims that the circuit court erred in refusing to grant his motion for summary judgment. This court has stated repeatedly that the denial of a motion for summary judgment is not subject to review or appeal. *See, e.g., McElroy* v. *Grisham*, 306 Ark. 4, 810 S.W.2d 933 (1991); *Hastings* v. *Planters and Stockmen Bank*, 307 Ark. 34, 818 S.W.2d 239 (1991).

Affirmed.