Dixie OGLESBY v. BAPTIST MEDICAL SYSTEM,
Ruth Ann Dollar and St. Paul Fire and
Marine Insurance Company

94-547                                      891 S.W.2d 48

Supreme Court of Arkansas
Opinion delivered January 17, 1995

*Crockett, Brown & Worsham, P.A.*, by: *Richard E. Worsham*

and *Cheryl Fisher Anderson*, for appellant.

*Friday, Eldredge & Clark*, by: *Gregory D. Taylor*, for appellees.

ROBERT L. BROWN, Justice. The appellant, Dixie Oglesby, appeals from a summary judgment in favor of appellees Baptist Medical System, Ruth Ann Dollar, and St. Paul Fire and Marine Insurance Company. She contends that summary judgment was inappropriately entered because genuine issues of fact remain to be decided. She asserts further that the trial court erred in dismissing her case without disposing of her battery claim. We affirm the trial court's order.

On May 1, 1992, Dixie Oglesby was admitted to Baptist Medical Center in Little Rock for cardiac monitoring. According to Oglesby's Second Amended and Substituted Complaint and her affidavit, a nurse at the hospital entered her room on May 4, 1992, and advised her that she was about to administer an injection. Oglesby countered that "she was allergic to everything," whereupon the nurse responded that she was going to give her a shot of insulin. Oglesby states that she told the nurse that she was not diabetic and directed her not to administer the shot. The nurse then "forcibly" held her down "against her will," according to Oglesby, and injected her with the insulin. Oglesby adds that she did not receive any medical preparation for the shot.

Following the injection, Oglesby states that she called the nurse on duty by intercom and told her what had happened. The duty nurse contacted one of Oglesby's physicians, Dr. Duane Velez, who prescribed counteractive measures, which included orange juice and sugar. Oglesby alleges that Dr. Velez told her that the insulin injection "almost got you" and stated that she would have died within 15 minutes without counteractive treatment. She says that fatigue, dizziness, headaches, and a temporary loss of eyesight followed the incident. She contends that most of those symptoms persist and states that she is afraid of hospitals and inoculations as a result of the experience.

On October 7, 1993, Oglesby filed a Second Amended and Substituted Complaint against the appellees for negligence, battery, and the intentional infliction of emotional distress, also

known as the tort of outrage. She sought compensatory and punitive damages. With regard to battery, the complaint described the forcible holding against her will and made this claim: "The conduct of Baptist and Ruth Ann Dollar was an unwanted touching of the person of Dixie Oglesby." The appellants then filed three motions for partial summary judgment: the first motion related to the lack of a basis for punitive damages; the second motion asserted that no genuine issue of material fact existed on the negligence claim and attached the affidavit of Dr. Lawson Glover in support of the motions; and the third motion dealt with lack of sufficient allegations for tort of outrage. That the shot was given in error was admitted by the appellees. None of the motions expressly referred to Oglesby's battery claim.

The affidavit of Dr. Lawson Glover attached to the second motion for partial summary judgment contained this statement:

> I am personally aware of the effect insulin has on the human body. Based upon this and upon my education, training and experience as a physician specializing in the practice of internal medicine and endocrinology, I find no evidence that the immediate symptoms alleged by the plaintiff, persisting symptoms at the present time and any resulting damages were caused by the injection of insulin into her body. The effects of a subcutaneous insulin injection are not immediately noted nor do they persist for more than 12 to 24 hours. In other words, I find no evidence that the insulin injection caused any of the plaintiff's alleged injuries.

He further averred that Oglesby's medical records did not show that her condition worsened because of the injection of 20 units of insulin or that she was in a life-threatening situation. No reference was made to the forcible holding or to Oglesby's direction that the shot not be given.

On January 28, 1994, the trial court entered its order granting summary judgment due to absence of proximate causation. The court relied heavily on Dr. Glover's affidavit and noted that no countervailing affidavit by an expert was offered by Oglesby to show a genuine issue of material fact. The court cited *Dillard v. Resolution Trust Corp.*, 308 Ark. 357, 824 S.W.2d 387 (1992), for the proposition that Oglesby was required to meet proof with

proof. The court then dismissed the case.

## I. GLOVER AFFIDAVIT

For her first point, Oglesby attacks Dr. Lawson Glover's affidavit on several grounds: (1) the amount of insulin administered to Oglesby is in dispute; (2) Dr. Glover relied on Baptist's answers to interrogatories in formulating his affidavit which included inadmissible hearsay; and (3) Dr. Glover's affidavit is conclusory.

We have often summarized our standards for summary judgment review:

> In these cases, we need only decide if the granting of summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. *Nixon* v. *H & C Elec. Co.*, 307 Ark. 154, 818 S.W.2d 251 (1991). The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. *Cordes* v. *Outdoor Living Center, Inc.*, 301 Ark. 26, 781 S.W.2d 31 (1989). All proof submitted must be viewed in a light most favorable to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. *Lovell* v. *St. Paul Fire & Marine Ins. Co.*, 310 Ark. 791, 839 S.W.2d 222 (1992); *Harvison* v. *Charles E. Davis & Assoc.*, 310 Ark. 104, 835 S.W.2d 284 (1992); *Reagan* v. *City of Piggott*, 305 Ark. 77, 805 S.W.2d 636 (1991). Our rule states, and we have acknowledged, that summary judgment is proper when a claiming party fails to show that there is a genuine issue as to a material fact and when the moving party is entitled to summary judgment as a matter of law. Ark. R. Civ. P. 56(c); *Short* v. *Little Rock Dodge, Inc.*, 297 Ark. 104, 759 S.W.2d 553 (1988); *see also Celotex Corp.* v. *Catrett*, 477 U.S. 317 (1986).

*Forrest City Machine Works* v. *Mosbacher*, 312 Ark. 578, 583, 851 S.W.2d 443, 446 (1993); *see also Birchfield* v. *Nationwide Insur.*, 317 Ark. 38, 875 S.W.2d 502 (1994); *Young* v. *Paxton*, 316 Ark. 655, 873 S.W.2d 546 (1994); *Bellanca* v. *Arkansas Power & Light Co.*, 316 Ark. 80, 870 S.W.2d 735 (1994); *Daniels* v. *Colonial Insur. Co.*, 314 Ark. 49, 857 S.W.2d 162 (1993); *Mt.*

*Olive Water Assoc.* v. *City of Fayetteville*, 313 Ark. 606, 856 S.W.2d 864 (1993).

Applying these standards to Oglesby's points relating to the Glover Affidavit, we first examine whether Dr. Glover's reference to 20 units of insulin as the dosage constituted impermissible reliance on a fact that is in dispute. We think not. The fact that 20 units of insulin were contained in the shot is garnered from Baptist's answers to interrogatories propounded by Oglesby. We observe that Oglesby offered nothing by way of proof to place the dosage of 20 units at issue. When summary judgment motions are at issue, the court must view the evidence in the light most favorable to the party opposing the motion, but there is nothing before us to suggest that 20 units of insulin is an erroneous fact or even that Oglesby had a theory or proof that a different dosage was administered. Furthermore, Dr. Glover's affidavit turned on the cause and effect of *any* amount of insulin and whether insulin in general would have produced Oglesby's symptoms. His opinion was not wedded to a fixed amount of insulin such as 20 units. We discern no factual issue arising from the Glover Affidavit on this point.

Oglesby's two remaining arguments pertaining to the Glover Affidavit — that he relied on inadmissible hearsay and that his affidavit was conclusory — were not raised to the trial court. We have long held that we will not consider matters which the party has failed to raise before the trial court. *Stricklin* v. *State*, 318 Ark. 36, 883 S.W.2d 465 (1994); *Bryant* v. *Public Service Commission*, 46 Ark. App. 88, 877 S.W.2d 594 (1994); *Brown* v. *Seeco, Inc.*, 316 Ark. 336, 871 S.W.2d 580 (1994); *Gibson* v. *State*, 316 Ark. 705, 875 S.W.2d 58 (1994). Accordingly, we will not weigh either argument as a basis for reversal. We hold that there is no basis for a reversal of the trial court's order of summary judgment based on the alleged deficiencies in Dr. Glover's affidavit.

## II. EMOTIONAL DISTRESS

For her next point, Oglesby urges that a genuine issue of material fact exists over whether the appellees caused her pain and suffering, mental anguish, and emotional distress by their negligence. She contends that Dr. Glover's expertise did not

extend to aspects of emotional distress and that, as a consequence, his affidavit was ineffective to disprove that appellees' negligence caused her emotional distress. Again, this precise argument was not made to the trial court, and we will not weigh its merits for the first time on appeal. *Stricklin* v. *State, supra.* The same holds true of her argument that Dr. Velez's statement of her possible death caused her to suffer emotionally. She simply did not raise this argument before the trial court.

What she did raise in her complaint is that the shot of insulin itself caused her emotional turmoil and mental distress. She contends on appeal that this presented a legitimate issue of material fact. We do not agree, again for the reason that Dr. Glover in his affidavit concludes that there was no causal connection between the insulin shot and Oglesby's symptoms:

> Based on the medical records of Dixie Oglesby and the other exhibits mentioned in paragraph 2 above, I find no evidence that the insulin injection caused any damages as alleged in paragraphs 15 [pain and suffering] and 16 [emotional distress] of her complaint. The allegations of proximate cause are not supported by the true facts of this case as reflected in Ms. Oglesby's medical records. Based on the medical records of Dixie Oglesby, I find no evidence that she was in any danger of death. The medical records of Ms. Oglesby show that her condition did not worsen due to the fact she was given an insulin injection. The allegations of a life threatening situation are not supported by the true facts of this case as reflected in Ms. Oglesby's medical records.

Oglesby failed to contest this expert opinion by a countervailing affidavit from an expert and, thus, was remiss in failing to meet proof with proof. We affirm the trial court on this point.

### III. BATTERY CLAIM

Oglesby next contends that the trial court erred in dismissing her battery claim *sua sponte* for an "unwanted touching" of her person. She emphasizes that none of the appellees' three motions for partial summary judgment embraced the battery claim and that the trial court's order which dismissed the entire case amounted to a denial of her right to be heard on this count and

to have the matter decided. She concludes that a remand for disposition of the battery issue is appropriate.

The appellees counter that the Medical Malpractice Act, codified at Ark. Code Ann. § 16-114-201, *et seq.* (1987), subsumes intentional torts such as the battery that allegedly occurred in this case. The appellees argue that they presented proof that Oglesby's damages were not caused by the insulin shot and that the trial court possessed the "inherent authority" to dismiss all claims whether couched in terms of negligence or battery.

The issue for us to consider is whether we can infer determination of the battery claim from the trial court's dismissal of the entire case. We readily admit at the outset that inferring an intent to dispose of the battery claim based on the trial court's dismissal of the whole case is troublesome to us. In this regard, we have held that a trial court must exercise some discretion in deciding an issue in a case. *Acklin* v. *State*, 270 Ark. 879, 606 S.W.2d 594 (1980). Here, there is no indication that the trial court independently considered the battery claim and, thus, it appears that the court failed to exercise its discretion.

The issue then becomes whether it was incumbent upon Oglesby to raise this issue to the trial court before bringing it to the appellate level for resolution. We are, of course, mindful of Ark. R. Civ. P. 59(f), which states:

> A motion for a new trial shall not be necessary to preserve for appeal an error which could be the basis for granting a new trial.

The obvious policy behind this rule was to remove the necessity of a new trial motion as a prerequisite for all appeals.

The situation before us in this case, however, is different. Here, the issue as framed by Oglesby is that the trial court failed to hear and determine the battery issue, and she now asks for a remand so that that court can resolve the matter. We are of the opinion that this issue should have first been brought to the attention of the trial court before our review, especially when the relief requested by Oglesby on appeal is a remand for resolution of the battery issue. Common sense but also judicial economy dictate such a result in light of the fact that this issue could have been readily resolved by timely motion to the trial court.

■ Because no effort was made by Oglesby to move to obtain a ruling from the trial court based on its seeming failure to hear and determine the battery claim, we consider the issue waived. *Parmley* v. *Moose*, 317 Ark. 52, 876 S.W.2d 243 (1994). Accordingly, we affirm the trial court's dismissal of the matter.

Affirmed.