COLUMBIA MUTUAL INSURANCE COMPANY
*v.* Larry PATTERSON and Roger Perry

94-778                                    899 S.W.2d 61

Supreme Court of Arkansas
Opinion delivered May 22, 1995

*Matthews, Sanders, Liles & Sayes*, by: *Marci Talbot Liles* and *Roy Gene Sanders*, for appellant.

*Kitterman Law Firm*, by: *Gregory S. Kitterman*, for appellee.

DONALD L. CORBIN, Justice. Appellant, Columbia Mutual Insurance Company, appeals an order of the Pulaski County Circuit Court dismissing appellant's declaratory judgment action and directing a verdict in favor of appellees, Larry Patterson and Roger Perry. Jurisdiction of this appeal is properly in this court pursuant to Ark. Sup. Ct. R. 1-2(a)(3). For reversal, appellant asserts two points of error. We find no error and affirm.

Appellant filed a complaint against appellees in which it alleged that, at all times relevant, it had in full force and effect an automobile liability insurance policy issued to Patterson; that Patterson had been sued in a separate action by Perry for damages Perry sustained as a passenger in a single-vehicle accident in which Patterson was driving a vehicle owned by Patterson's employer; and that the policy denied coverage for Perry's injuries because the vehicle Patterson drove in the accident was used by him without a reasonable belief that he was entitled to do so, and because it was not the "covered auto" under the policy. Appel-

lant prayed for a declaratory judgment that no coverage existed under the policy for Perry's injuries.

On March 17, 1994, the declaratory judgment action was tried to a jury. The only testimony abstracted by appellant is that of one of its witnesses, Charles Deaton, an individual employed by appellant as a claims adjuster. During Deaton's testimony, appellant unsuccessfully attempted to introduce into evidence a 25-page photocopy of a purported certified copy of the full policy. The abstract reveals no objection was made on the basis of the "best evidence rule." At the conclusion of appellant's proof, appellees moved for a directed verdict on the ground that the allegations of appellant's complaint were not proved by credible evidence. The motion was granted. The trial court's order granting appellees' motion for directed verdict and dismissing appellant's complaint with prejudice was filed on March 29, 1994. This appeal arises therefrom.

The 25-page writing which appellant sought to introduce into evidence was composed of: (1) a ten-page standardized form which was identified by Deaton as the basic policy provisions common to all automobile policies issued by appellant (identified as "Plaintiff's Exhibit 4"), and (2) fifteen additional pages which included a cover page, quick reference index, declarations page, and endorsements (identified as "Plaintiff's Proffered Exhibit 5"). Although it is undisputed that Plaintiff's Proffered Exhibit 5 was never admitted into evidence, the parties differ as to whether Plaintiff's Exhibit 4 was admitted. Our review of the abstract shows the trial court initially admitted Plaintiff's Exhibit 4, but then reversed that ruling and excluded the exhibit. Thus, no part of the 25-page writing was ultimately admitted.

Appellant's first argument for reversal is that the trial court erred in refusing to admit all of the 25-page writing as inadmissible hearsay because appellant failed to comply with A.R.E. Rule 803(6), the so-called "business record hearsay exception." Rule 803(6) provides as follows:

> Rule 803. Hearsay exceptions — Availability of declarant immaterial. — The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

. . . .

(6) Records of regularly conducted business activity. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or disagnoses [diagnoses], made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

Appellant asserts the trial court mistakenly interpreted Rule 803(6) to require the record's sponsoring witness be the custodian or "keeper of the record" and have personal knowledge of the record's content. Appellant acknowledges that Deaton is not the custodian of the record, but contends Rule 803(6) is satisfied if the sponsoring witness is a "qualified witness," within the meaning of the Rule, and that Deaton was a qualified witness. Further, appellant asserts personal knowledge of the record's content is not required of the qualified witness by Rule 803(6).

■■■ We agree that Rule 803(6) does not require that a custodian or keeper of the record be the record's sponsoring witness. Rule 803(6) expressly states that, in addition to the custodian of the record, a "qualified witness" may provide the testimony required to lay the foundation for the admission of a business record. *See Wilburn* v. *State*, 317 Ark. 73, 876 S.W.2d 555 (1994); *Smith* v. *Chicot-Lipe Ins. Agency*, 11 Ark. App. 49, 665 S.W.2d 907 (1984). Without addressing the issue of whether Deaton was a qualified witness, we find, for the reasons stated below, that the trial court's misstatement of the requirements of Rule 803(6) did not result in injury to appellant, and therefore does not constitute reversible error.

■ After consideration of the trial court's observations that Deaton lacked personal knowledge of Patterson's policy

endorsements and based on the facts recited below, we conclude that, aside from any hearsay issue, the trial court implicitly held the 25-page writing was not properly authenticated as Patterson's complete policy by this witness. The requirement of authentication is separate from the requirement that a hearsay document must satisfy an applicable hearsay exception for admissibility. Our conclusion that the 25-page writing was not properly authenticated is consistent with the fact that the objection voiced by appellees at trial was based on lack of authentication, not hearsay. Our conclusion is also consistent with the language of A.R.E. Rule 901 which provides "[t]he requirement of authentication or identification as a condition precedent to admissiblity [admissibility] is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Among the examples of authentication which conform with Rule 901, is "[t]estimony of a witness with knowledge that a matter is what it is claimed to be." Rule 901(a), (b)(1).

■■ The 25-page writing was not a self-authenticating document. A.R.E. Rule 902. Hence, appellant was required to comply with Rule 901 and offer sufficient evidence that the document was what appellant claimed it to be, that is, a photocopy of a certified copy of Patterson's insurance policy. Deaton's testimony is replete with reference to his lack of knowledge that the 25-page writing was, in fact, a copy of appellee Patterson's insurance policy. Deaton testified he was without knowledge of the policy endorsements unless permitted to refer to the purported policy declaration page which was, itself, a part of the document to be authenticated, or a computer printout from his office which he did not have with him in court. Further, the purported certification of the 25-page writing which had been photocopied to produce the document offered into evidence consisted of the stamped phrase "TRUE & CERTIFIED" above a stamped cursive signature reading "Pam Senor" on each page. Deaton testified, however, that he was not familiar with Ms. Senor, that she had signed the certified copy prior to the time he was employed by appellant, and that he could not tell the court whether she did or did not sign it.

During an extended bench conference which was continued *in camera* while Deaton was on the witness stand, the trial court and counsel for the parties debated the admissibility of the pol-

icy copy. We find the trial judge's remarks that the document was unreliable for lack of identification as Patterson's complete policy are consistent with our conclusion that appellant failed to properly authenticate the document. We note the following excerpts from the record:

> THE COURT: The difficulty I'm having here is that I let the basic policy in because this witness testified, not that this policy that was introduced was Larry Patterson's policy, but that the language of this policy, the basic policy, was what everybody had, that's why I let it in, it wasn't in as a business exception to the hearsay rule. Then he testified that he does not know whether or not Columbia would issue, does issue an endorsement that would change one, so that makes this an unreliable document and we don't have Larry Patterson's policy.

> . . . .

> THE COURT: He can't testify this is the policy that was in effect, that's the kicker, if he could testify this is the policy that's in effect and bring that in under some exception to the hearsay rule —

> MR. BAXTER: We've already shown, he can't do that.

> MR. SANDERS: He can say that this is Larry Patterson's policy, based upon the records of the company, which show that this is his policy.

> THE COURT: I'm not going to argue with you, I'm not going to receive it into evidence. . . .

> . . . .

> THE COURT: I'm not going to accept this document, it is just totally unreliable. I mean, I was willing for it to come in as long as the testimony was simply that every person who has a policy has this particular language, but once he established that, in essence, that "we don't know whether this is the policy that Larry Patterson had or not." I'm experienced enough with insurance policies, as are each of you lawyers, that is, boy, if you don't have an exact copy and somebody is unable to say that this is the policy he had, we're in deep trouble if we try to speculate on

whether that was the policy, especially when we're talking about policy language, and, often times, one section of a policy can make another section entirely different.

■■ Rulings on evidentiary matters are within the trial court's discretion, and are not modified by this court absent an abuse of that discretion. On this record, for lack of authentication of the document, we cannot say the trial court abused its discretion in excluding from evidence the 25-page writing. The trial court's ruling will be affirmed if correct, even if the reason given for that decision was wrong. *Higginbottom* v. *Waugh*, 313 Ark. 558, 856 S.W.2d 7 (1993); *Riley* v. *City of Corning*, 294 Ark. 480, 743 S.W.2d 820 (1988).

Appellant's second argument for reversal is that the trial court erred in directing the verdict in light of the fact that Plaintiff's Exhibit 4 was admitted into evidence and the liability provisions upon which appellant relied to prove non-coverage were contained in that part of the policy. Appellant contended that Plaintiff's Proffered Exhibit 5 which contained the policy endorsements did not change the coverage provided by the basic policy provisions which were in evidence as Plaintiff's Exhibit 4.

■■ This argument is based on a false premise and is therefore without merit. As noted above, the record shows that no part of the policy copy was ultimately admitted into evidence. However, even assuming, *arguendo*, that Plaintiff's Exhibit 4 was introduced into evidence, we are unable to address appellant's argument due to his failure to adequately abstract Plaintiff's Proffered Exhibit 5 for our review on appeal. *Jones* v. *McCool*, 318 Ark. 688, 886 S.W.2d 633 (1994).

The trial court's judgment is affirmed.

GLAZE, J., concurs.

BROWN and ROAF, JJ., dissent.

904 S.W.2d 218

ROBERT L. BROWN, Justice, dissenting. I would reverse and remand.

The majority opinion states that Rule 803(6) does not require a custodian or keeper of the record to be the sponsoring witness of an insurance policy but that a "qualified witness" could do

so. That is correct, and we have held that the phrase "other qualified witness" under Rule 803(6) should be given the broadest interpretation. *Wilburn* v. *State*, 317 Ark. 73, 876 S.W.2d 555 (1994). The trial court, however, never considered whether Charles Deaton, the Columbia Mutual claims adjuster, was such a "qualified witness." Rather, the trial court agreed with Larry Patterson's counsel that Arkansas Rule of Evidence 803(6) requires that the sponsoring witness be a "custodian with knowledge," who had to be familiar with the precise terms of the policy. That was incorrect, and that error was the basis for the court's refusal to allow the insurance policy into evidence.

The majority opinion agrees that the trial court misstated the requirements of Rule 803(6). But the opinion proceeds forward and states that the trial court's ruling "implicitly" was a finding that Patterson's insurance policy was not properly authenticated under Arkansas Rule of Evidence 901(b)(1). The majority is affirming in effect on the basis that the trial court was correct in its ruling but for the wrong reason. *See West* v. *G.D. Searle & Co.*, 317 Ark. 525, 879 S.W.2d 412 (1994).

Rule 901(b)(1) states:

(b) Illustrations. By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming to the requirements of this rule:

(1) Testimony of Witness With Knowledge. Testimony of a witness with knowledge that a matter is what it is claimed to be.

In concluding that Mr. Deaton was not a "witness with knowledge," the majority is making a finding of fact for the first time on appeal. Moreover, a "witness with knowledge" under Rule 901(b)(1) seems directly synonymous with a "qualified witness" under Rule 803(6). Neither "witness" under either rule is required to be a "custodian of the record."

Mr. Deaton testified that he was familiar with the standard automobile policy issued by the company and the liability section of that policy and that the standard policy is what Larry Patterson had. (Indeed, both Larry Patterson and Roger Perry admitted in their answers to Columbia Mutual's complaint that Larry

Patterson had coverage with the company.) Mr. Deaton then identified for the jury's benefit the declaration page of the policy that named Larry Patterson as the insured. He next read the "Exclusions" language from the standard policy to the jury. It is the "Exclusions" language that lies at the heart of the litigation.

Much discussion was had at trial about the endorsements to the standard policy and whether Mr. Deaton had knowledge of what the endorsements specifically accomplished. Two points are relevant here. First, the rules do not require that the qualified witness or witness with knowledge know the precise terms of the policy —only that he know that it is the policy at issue. 29A Am. Jur. 2d, *Evidence* § 1033 (1994); *see also New Orleans Saints* v. *Griesedieck*, 612 F. Supp. 59 (E.D. La. 1985). Secondly, neither Larry Patterson nor Roger Perry nor Columbia Mutual ever contended that the endorsements changed the "Exclusions" section of the standard policy in any respect. In fact, Columbia Mutual stated in its appellant's brief that the endorsements did not alter that facet of the policy, and the appellees did not contest this in their brief. The endorsements are simply not material to the Exclusions issue in this appeal.

Because an erroneous standard was employed to deny admission of the policy, a reversal and remand for trial are warranted. I respectfully dissent.

ROAF, J., joins.