Earl WORDLAW, as Special Administrator of the Estate of
Alberta Wordlaw, Deceased *v*. Pleaze LASTER and Oscar
Laster, Jr., as Executors of the Estate of Oscar Laster,
Deceased

95-421                                    912 S.W.2d 924

Supreme Court of Arkansas
Opinion delivered January 8, 1996

*Crockett & Brown PLLC,* by: *Richard Crockett,* for appellant.

*William Reed,* for appellee.

DONALD L. CORBIN, Justice. Appellant, Earl Wordlaw, as special administrator of the estate of Alberta Wordlaw, deceased, commenced this action in the Lonoke County Circuit Court against appellee, Pleaze Laster and Oscar Laster, Jr., as executors of the estate of Oscar Laster, for the fair-market value of the alleged use by appellee's decedent, Oscar Laster, of certain farmland owned by appellant's decedent, Alberta Wordlaw. Appellant's decedent died during the pendency of this action in the trial court. Appellee's decedent died during the pendency of this appeal. The trial court filed an order of revivor designating the present parties on April 12, 1995. Jurisdiction of this appeal is properly in this court pursuant to Ark. Sup. Ct. R. 1-2(a)(16).

By order filed on December 27, 1994, the trial court dismissed the present action on the basis of the doctrine of res judicata, having found that a trial in the England Municipal Court had involved the same issues and parties. This appeal arises therefrom.

The present action was commenced by complaint filed on March 23, 1994, by Earl Wordlaw, as guardian of the person and estate of Alberta Wordlaw, an incompetent. Appellant alleged that, by recorded partition deed dated November 2, 1936, Ms. Wordlaw acquired title in fee simple to a twelve-acre parcel of real property located in Lonoke County; that Ms. Wordlaw was confined to various Illinois state mental-health facilities for a total of forty-three and one-half years during the period from April 1943 to July 1992 due to mental illness or insanity; that Oscar Laster farmed Ms. Wordlaw's property and derived income therefrom for the immediately-preceding forty years; and that Mr. Laster had refused to pay for the use of the property

for those forty years. Appellant prayed for judgment in an amount necessary to compensate Ms. Wordlaw for Mr. Laster's use of her property, plus interest, costs, and attorney's fees, "all of which being in excess of that necessary for Federal Court jurisdiction."

The municipal-court action was commenced by complaint filed by Earl Wordlaw, individually, and as attorney in fact for "all current owners for whom rental income is overdue, including Alberta Wordlaw," against Oscar Laster in the England Municipal Court. The municipal-court complaint alleged that a written lease agreement was made by and between "Laster Estate/Oscar Laster — Administrator," as lessor, and a third party, as lessee, for real property in Lonoke County that included a twelve-acre parcel jointly owned by Earl Wordlaw, his mother (Ms. Wordlaw), and his four siblings[1]; that, pursuant to the lease agreement, rent was due on April 15, 1993, in the amount of $321.96; and that said rent had been collected by Mr. Laster who refused to make payment to the complainants. The municipal-court complaint also stated: "This action is for current, over-due rent only. It is noted, however, that Oscar Laster has failed to pay rent to the owner for many, many years." By order filed on August 13, 1993, the municipal court awarded the complainants the sum of $321.96 plus court costs.

Appellant's sole argument for reversal is that the present circuit-court action raises claims in tort or fraud that are outside the limited subject-matter jurisdiction of the municipal court, and, therefore, the municipal-court judgment does not bar the present action. We affirm the trial court's judgment.

It is clear from reading the municipal-court complaint and the complaint in the case at bar that both complaints were brought to recover monies allegedly owed by Mr. Laster to Ms. Wordlaw for the use of her twelve-acre parcel, and that both complaints state one claim or cause of action. Both complaints allege the operative facts of Ms. Wordlaw's ownership of the twelve-acre parcel, the use of that land by Mr. Laster, Mr.

---

[1] Attached to the complaint was a deed, dated December 28, 1992, conveying undivided interests in the twelve-acre parcel from Alberta Wordlaw to Alberta Wordlaw, Earl Wordlaw, and four other persons.

Laster's receipt of income for that use, and his refusal to pay the income over to Ms. Wordlaw. The municipal-court complaint, in fact, expressly refers to the fact that Mr. Laster had failed to pay rent to Ms. Wordlaw for years. The lease agreement in the municipal-court action simply provided evidence of the sum certain owed for a portion of the property's use.

■ Even construing the pleadings liberally so as to do substantial justice, we do not find that the present action raises claims in tort or fraud. ARCP Rule 8(f). Appellant fails to aver circumstances constituting the alleged fraud with particularity as required by ARCP Rule 9(b). Appellant nowhere names the nature of the tort alleged in his circuit-court complaint, but merely states in his brief to this court: "The remedies herein are in tort, whether the tort is called trespass, conversion, embezzlement, conversion, or breach of fiduciary duty." Appellant did not plead deceit, or any form of fraud, or other tort. Thus, appellant's argument for reversal is based upon a false premise, namely, that the circuit-court complaint raises claims in tort or fraud, and is therefore without merit. *Columbia Mut. Ins. Co.* v. *Patterson*, 320 Ark. 584, 899 S.W.2d 61 (1995).

■ The instant action and the municipal-court action are based on the same events and subject matter. Appellant's unpersuasive attempt to characterize the legal basis for the present action as an action in tort or fraud does not alter that result. We have held that, when a subsequent suit is based on the same events and subject matter as that previously litigated and only raises new legal issues and seeks additional remedies, the trial court is correct to hold the subsequent suit is barred by res judicata. *American Standard, Inc.* v. *Miller Eng'g, Inc.*, 299 Ark. 347, 772 S.W.2d 344 (1989); *Swofford* v. *Stafford*, 295 Ark. 433, 748 S.W.2d 660 (1988).

Affirmed.

ROAF, J., concurs.