UNITED STATES FIDELITY & GUARANTY COMPANY
*et al. v.* A & A MASONRY, INC., *et al.*

97-1388                                              991 S.W.2d 111

Supreme Court of Arkansas
Opinion delivered April 29, 1999

*Wright, Lindsey & Jennings, LLP*, by: *David M. Powell*; *David A. Grace*; and *Faegre & Benson, LLP*, by: *Patrick J. O'Connor, Jr.*, and *James J. Hartnett, IV*, for appellants.

*Francis Morris Finley*; and *Rose Law Firm*, by: *James H. Druff*, for appellee Umphers Construction Company, Inc.

*Jones, Jackson & Moll, PLC*, by: *Mark A. Moll*; and *Rose Law Firm*, by: *James H. Druff*, for appellee Northwest Fire Protection, Inc.

*Laser, Wilson Bufford & Watts, P.A.*, by: *Sam Laser* and *Brian A. Brown*, for appellees Ray & Sons Masonry Contractors and Franklin & Son, Inc.

*Matthews, Sanders & Sayes*, by: *Margaret M. Newton and Gail O. Matthews*, for appellee John Smith, Jr.

L AVENSKI R. SMITH, Justice. This is a case of first impression. It involves a trial court's application of a legal concept described by appellees as "jurisdictional unavailability." Appellants, United States Fidelity & Guaranty Company ("USF&G") and Northern Insurance Company of New York

("Northern"), contend that this "doctrine" should not bar their indemnification actions against appellees in Arkansas state courts. We agree and reverse.

Crane Construction Company ("Crane") built eleven Wal-Mart stores and Sam's Clubs as general contractor for Wal-Mart, Inc., in 1992 and 1993. Crane constructed these stores in several states. After not receiving full payment, Crane sued Wal-Mart in federal district court in Memphis, Tennessee. Crane alleged that Wal-Mart violated federal RICO law by certain of its postconstruction conduct. They also sought damages based on breach of contract. Wal-Mart answered and counterclaimed, alleging defective construction. The federal district court dismissed the RICO claims leaving only the contract actions. The parties chose to continue the action in federal court even though the federal question had ceased. Wal-Mart added appellant USF&G to the suit by third-party complaint. Crane attempted to bring in its subcontractors, appellees herein, but subsequently dismissed them due to the Tennessee court's lack of personal jurisdiction.

Crane initiated the instant action in the Pulaski County Circuit Court on February 22, 1996, against the appellees. Appellees consist of twelve of Crane's subcontractors and one of the subcontractor's bonding companies. Wal-Mart and Crane settled, for the most part, the federal action, with appellants USF&G and Northern agreeing to pay a substantial sum to Wal-Mart. The details of that settlement have not been disclosed. Crane alleged it was entitled to indemnification of all amounts, costs, and fees in the Memphis action, and for breach of contract and negligence. Initial responses filed by the appellees included answers and a number of motions under Rule 12(b) of the Arkansas Rules of Civil Procedure. USF&G and Northern have since been substituted as plaintiffs.

On September 6, 1996, separate appellee, Umphers Construction Company, Inc. ("Umphers"), filed a supplemental motion to dismiss alleging statute of limitations, full payment by Crane, and "jurisdictional unavailability" as bases for the court to dismiss the action under Ark. R. Civ. P. 12(b)(6). Other appellees filed similar motions. The parties filed briefs and affidavits in sup-

port of their motions and response. The substituted plaintiffs, appellants, filed an amended complaint on January 7, 1997. Appellees responded with pleadings in the same vein as those to the original complaint. Following a hearing on February 3, 1997, the trial court entered a dismissal and final judgment order on April 25, 1997. In granting appellee's motion to dismiss, the circuit court framed the issue on which its decision was based as follows:

> [W]hether Umphers can be held responsible under the indemnification provision of the subcontract, the performance provisions of the subcontract, and standard principles of subrogation, indemnification and contribution for a settlement and legal fees incurred in an action in which it was legally unavailable because the court lacked personal jurisdiction over it.

The circuit court found the lack of jurisdiction over the subcontractors in the federal court to be dispositive. The court concluded that "[i]t (Umphers) cannot now be required to indemnify plaintiffs for a settlement it could not be, and was not, a part of." Its decision (1) barred appellant's negligence claim against Umphers based upon the statute of limitation; (2) dismissed appellant's indemnification, subrogation, and breach of contract claims because Umphers was legally unavailable in the Memphis action; and (3) granted similar relief to all other appellees who filed for dismissal. Appellant's principal contention on appeal is that the trial court erred in its use of "legal unavailability" to bar their claims. Appellant is correct.

### Standard of Review

■ ■ Separate appellee, Umphers, filed its supplemental motion to dismiss under Ark. R. Civ. P. 12(b)(6) with matters outside the pleadings appended. Pursuant to Rule 12(b)(6), such a motion to dismiss shall be treated as one for summary judgment and disposed of as provided in Ark. R. Civ. P. 56. *Clark v. Ridgeway*, 323 Ark. 378, 914 S.W.2d 745 (1996). The standard of review for summary judgment motions is axiomatic. We recently restated the considerations in the case of *Wallace v. Broyles*, 331 Ark. 58 , 66, 961 S.W.2d 712 (1998), quoting *Angle v. Alexander*, 328 Ark. 714, 945 S.W.2d 933 (1997): "[I]t is well settled that

summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Pugh v. Griggs*, 327 Ark. 577, 824 S.W.2d 387 (1992). Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On review, this court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Id.* This court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Our review focuses not only on the pleadings, but also on the affidavits and other documents filed by the parties."

█ The crucial issue for this appeal is the circuit court's decision that, as a matter of law, the subcontractors could not be sued for indemnification in an Arkansas state court where a Tennessee federal court in which they had previously been sued by the indemnitee lacked personal jurisdiction over them. The circuit court used the term "legal unavailability," whereas the parties' briefs discuss "jurisdictional unavailability." The idea is the same using either phrase, and both are equally unavailing. The trial court cites no controlling authority for its decision. It instead cites cases for the general proposition that an indemnitee must prove actual or potential liability to an original plaintiff when seeking recovery from an indemnitor based on an indemnification clause. The trial court then notes that in its cited cases the indemnitor was subject to the jurisdiction of the court in the underlying action. The court then errs by attempting to logically extend these specific cases to create a general rule that would forbid subsequent suit by an indemnitee where the court in the initial suit lacked personal jurisdiction over the indemnitee. The court's reasoning and appellee's arguments in support on appeal are unpersuasive. We are unwilling to adopt "jurisdictional unavailability" as a defense to an action for indemnification. Our precedent clearly indicates that indemnification claims can be brought in

actions separate from the action creating the liability. *Baldwin Co. v. Ceco*, 280 Ark. 519, 659 S.W.2d 941 (1983).

■ ■ We hold that the Tennessee federal court's lack of personal jurisdiction over the appellees does not bar their being sued in circuit court on claims of indemnification, subrogation, and breach of contract. Whatever rights USF&G and Northern had or may presently have arise from a contractual relationship, not from any act of the federal court in Tennessee. "Jurisdiction is the power or authority of the court to act." *West Memphis Sch. Dist. No. 4 v. Circuit Court*, 316 Ark. 290, 293, 871 S.W.2d 368 (1994). Lack of jurisdiction may preclude litigation of that relationship in federal court in Tennessee, but the lack of jurisdiction cannot extinguish the contract, the contractual relationship, or the rights and obligations that may arise thereunder. Thus, a lack of jurisdiction means only that a particular trial court may not act. It does not prevent any other court with jurisdiction from subsequently acting.

### Statute of Limitations

■ The trial court also found that appellee Umphers was entitled to dismissal of the negligence claims against it based upon Arkansas's three-year statute of limitations.[1] We affirm the Court's decision on this issue with respect to Umphers and Franklin & Son, Inc. However, the Court also granted the same relief to the other defendants who adopted Umphers's statute-of-limitations argument but, unlike Umphers and Franklin, did not offer proof of its application to their claims. We, therefore, reverse the court's grant of summary judgment to those appellees who did not offer evidence by affidavit showing their entitlement thereto and remand for further proceedings consistent with this opinion.

Affirmed in part; reversed and remanded in part.

---

[1] Ark. Code Ann. § 16-56-105.