Bradley James REAGAN *v.* CITY OF PIGGOTT, Arkansas, d/b/a Piggott Community Hospital, and Dr. Myra Anders Ash

91-31                    805 S.W.2d 636

Supreme Court of Arkansas
Opinion delivered March 18, 1991
[Rehearing denied April 15, 1991.]

*Gus R. Camp*, for appellant.

*Barrett, Wheatley, Smith & Deacon*, by: *Lucinda McDaniel*, for appellees.

DONALD L. CORBIN, Justice. This appeal is from a judgment of the Clay County Circuit Court granting summary judgment in a medical malpractice suit. Appellant, Bradley James Reagan, initiated this action for medical malpractice against appellees, Dr. Myra Anders Ash and the City of Piggott, Arkansas, d/b/a Piggott Community Hospital. Appellant went to the emergency room at Piggott Community Hospital on April 21, 1985, complaining of abdominal pain, cramping, vomiting, and loose bowel movements. Appellee Dr. Ash examined appellant and gave him an injection for nausea. Dr. Ash diagnosed appellant with gastroenteritis and told him to return to the hospital if he did not improve and to see his family physician the next day. On April 22, 1985, appellant saw his family physician, Dr. Hillard Duckworth, who ordered an appendectomy which confirmed an infected appendix. Appellant subsequently brought suit against Dr. Ash and the hospital for negligence in failing to diagnose appendicitis.

Appellees moved for summary judgment on the grounds that appellant had no expert testimony to establish either the standard of care or the failure of Dr. Ash to meet that standard of care. The trial court granted the motion for summary judgment and appellant appeals from that decision. We affirm.

On appeal, appellant argues the trial court erred in granting summary judgment and in holding that expert testimony was required to meet his burden of proof. Appellant further alleges that portions of the Arkansas Medical Malpractice Act are unconstitutional.

Appellant claims the trial court erred in granting the summary judgment because, under the proof presented, a question of fact exists as to Dr. Ash's negligence in failing to diagnose appellant's appendicitis. In reviewing motions for summary judgment, the burden is on the moving party to demonstrate there is no genuine issue of fact for trial. *Clemens* v. *First Nat'l Bank*, 286 Ark. 290, 692 S.W.2d 222 (1985). The evidence submitted in support of the motion is viewed most favorably to the party against whom the relief is sought. *Id.*

In granting summary judgment, the trial court found that in a case involving the diagnosis of appendicitis, expert medical testimony is essential to establish the standard of care required of the diagnosing physician and that the physician failed to act in accordance with that standard. The court further found that appellant identified no medical expert in his answers to interrogatories or in his argument at the hearing on the motion for summary judgment. The court concluded that, absent testimony by a medical expert, appellant had not met his burden of proof and no issue of fact existed for trial. We cannot say the trial court erred.

Ark. Code Ann. § 16-114-206 (1987) provides:

(a) In any action for medical injury, the plaintiff shall have the burden of proving:

(1) The degree of skill and learning ordinarily possessed and used by members of the profession of the medical care provider in good standing, engaged in the same type of practice or specialty in the locality in which he practices or in a similar locality;

(2)   That the medical care provider failed to act in accordance with that standard; and

(3)   That as a proximate result thereof, the injured person suffered injuries which would not otherwise have occurred.

It is well settled that a plaintiff must meet this burden of proof by presenting expert testimony when the asserted negligence does not lie within the jury's comprehension as a matter of common knowledge. *Prater* v. *St. Paul Ins. Co.*, 293 Ark. 547, 739 S.W.2d 676 (1987); *David* v. *Kemp*, 252 Ark. 925, 481 S.W.2d 12 (1972); *Lanier* v. *Trammell*, 207 Ark. 372, 180 S.W.2d 818 (1944).

■■   In this case, appellant presented neither expert nor lay testimony as to the appropriate standard of care to be used. Likewise, appellant did not present any evidence that Dr. Ash failed to act in accordance with the standard of care. The only evidence appellant did offer relating to a standard of care or breach thereof was the testimony of Dr. Duckworth, appellant's family physician who ordered the appendectomy. Without stating exactly what the appropriate standard of care was, Dr. Duckworth testified that Dr. Ash acted in accordance with the standard of care. The only other evidence offered by appellant consisted of the depositions of appellant and his parents; these depositions contained broad statements about the incident but related nothing about a standard of care or breach thereof.

In short, appellant presented no evidence indicating the existence of an issue of fact. To the contrary, the expert testimony presented does not meet the statutory burden of proof. Dr. Duckworth, whom appellant listed as his expert medical witness in answers to interrogatories, stated in his affidavit:

> The diagnosis made by Dr. Ash and the instructions given by her on the morning of April 21, 1985, in my opinion, were in accord with the degree of skill and learning ordinarily possessed and used by members of the medical profession in good standing engaged in a similar practice, in Piggott, Arkansas, or in a similar locality.

Dr. Duckworth testified in his deposition:

Q. But at the time that Dr. Ash saw Bradley Reagan you believe that she exercised the degree of skill required at that time?

A. Yes, at that time.

We need only to decide if the granting of summary judgment was appropriate based on whether the evidence presented in support of the motion left a material question of fact unanswered. *Barraclough* v. *Arkansas Power and Light Co.*, 268 Ark. 1026, 597 S.W.2d 861 (1980). Once the moving party makes a prima facie showing of entitlement of summary judgment, the opposing party must meet proof with proof by showing a genuine issue as to material fact. *Hughes Western World, Inc.* v. *Westmoor Mfg. Co.*, 269 Ark. 300, 601 S.W.2d 826 (1980). We can find no testimony that creates an issue of fact requiring presentation of this case to a jury. We cannot say the trial court erred and we therefore affirm the granting of summary judgment.

Appellant asserts that parts of the Arkansas Medical Malpractice Act are unconstitutional. Specifically, appellant challenges Ark. Code Ann. §§ 16-114-206 to -208 (1987) as special or class legislation. Appellant argues these statutes give medical care providers and insurance carriers certain privileges not otherwise available to other persons. Appellee responds that appellant has no standing to challenge these sections of the Medical Malpractice Act as they were not applied so as to injure appellant. Appellee also points out appellant's failure to notify the Attorney General as required by Ark. Code Ann. § 16-111-106 (1987).

■ We agree that appellant's constitutional claims cannot be heard. Section 16-111-106 requires that the Attorney General be notified of any declaratory judgment action involving a constitutional challenge to any statute. It is generally reversible error when the Attorney General fails to receive notice of a constitutional attack on a statute. *Olmstead* v. *Logan*, 298 Ark. 421, 768 S.W.2d 26 (1989); *City of Little Rock* v. *Cash*, 277 Ark. 494, 644 S.W.2d 29 (1982), *cert. denied*, 462 U.S. 1111 (1983). This general rule has not been applied in some exceptional circumstances, those being where all the issues have been briefed and argued by litigants who are clearly adversarial. This case is not such an exceptional situation. Although appellant did argue

82

his constitutional claim to the trial court, the record does not reveal that either the Attorney General was notified of the state's right to be represented in the proceeding, or that the issues were otherwise adequately argued or briefed by truly adversarial parties. Therefore, we do not consider the constitutional challenge on this appeal.

Affirmed.