Joe ROBSON *v.* Robert P. TINNIN, D.D.S., Individually, and d/b/a Family Dental Center

95-580                                     911 S.W.2d 246

Supreme Court of Arkansas
Opinion delivered December 4, 1995

606

*Sam Sexton III*, for appellant.

*Davis, Cox & Wright*, by: *Constance G. Clark* and *Kelly P. Carithers*, for appellee.

DONALD L. CORBIN, Justice. Appellant, Joe Robson, appeals the order of the Washington County Circuit Court granting summary judgment to appellee, Robert P. Tinnin, D.D.S., individually and d/b/a Family Dental Center, on appellant's claim for dental malpractice. Jurisdiction of this appeal was properly certified to this court as it involves a question about the law of torts.

Ark. Sup. Ct. R. 1-2(a)(16). Appellant raises four points for reversal of the summary judgment, none of which has merit. Therefore, we affirm.

Appellant filed a complaint alleging he had contracted with appellee in Fayetteville, Arkansas, for appellee to repair teeth on appellant's lower jaw by means of an implant. In the complaint, appellant did not challenge the installation of the implant. Rather, he claimed appellee failed to carefully "change" the implant and failed to warn him of the risks involved. Significantly, appellant did not allege that appellee was negligent for failing to treat a fractured bicuspid, although he did allege that appellee's negligence caused him to lose healthy teeth.

After appellant answered appellee's interrogatories, appellee moved for summary judgment on the basis that appellant had not offered proof of essential elements of his case, that being expert testimony to establish the standard of care and breach thereof. Relying on *Reagan* v. *City of Piggott*, 305 Ark. 77, 805 S.W.2d 636 (1991), the trial court agreed with appellee that expert testimony was required to establish the standard of care and appellee's breach thereof after appellee had made a prima facie case that the standard of care had been met, and further agreed that appellant had failed to produce any expert testimony on those two elements of his malpractice claim. The trial court therefore granted appellee's motion for summary judgment.

■ Appellant's first point for reversal is that appellee did not meet his burden of showing he was entitled to summary judgment because the affidavits presented in support of the motion were conclusory and therefore insufficient to withstand summary judgment. It is well settled that affidavits that are conclusory rather than factual are insufficient to support a motion for summary judgment. *Swindle* v. *Lumbermens Mut. Casualty Co.*, 315 Ark. 415, 869 S.W.2d 681 (1993).

According to appellee's motion, the two dental experts appellant identified in his answers to interrogatories were Dr. Henry Matthews, D.D.S., of Fayetteville, Arkansas, and Dr. Joe Massad, D.D.S., of Tulsa, Oklahoma. In his motion, appellee pointed out that, according to appellant's answers to interrogatories, Dr. Massad had not yet presented appellant with any written reports and had not yet formed an opinion about the case. Attached to

appellee's motion were an affidavit from Dr. Matthews denying that he had ever agreed to testify as an expert in this case on the issues of the applicable standard of care of dental treatment in Fayetteville and appellant's alleged breach thereof, and appellee's own affidavit to the effect that he had not been negligent in treating appellant.

■ Appellant's first argument is without merit. Appellee concedes that his own affidavit is largely conclusory. However, Dr. Matthews's affidavit contains statements of fact that he has not been asked to testify as to the applicable standard of care nor as to the breach thereof in this case. Dr. Matthews further averred that he found no indication that appellee's treatment of appellant fell below the applicable standard of care. The only other dental expert identified by appellant, Dr. Massad, had not yet formed any opinions about this case. Thus, the foregoing factual statements in Dr. Matthews's affidavit were sufficient to make a prima facie case and support appellee's motion for summary judgment.

For his second point for reversal, appellant contends the trial court erred in ruling that his affidavit, which was attached to his response to appellee's motion, contained hearsay. Appellant stated in his affidavit that he suffered a fractured bicuspid while under appellee's treatment, that appellee took no action to repair the fractured tooth, and that Dr. Matthews informed him about the appropriate treatment for the fractured bicuspid, which Dr. Matthews informed him, appellee should have followed. The trial court did not consider appellant's affidavit, ruling that it contained hearsay and was therefore in violation of ARCP Rule 56(e), which requires that affidavits set forth facts admissible in evidence. Appellant argues that Dr. Matthews's reported statements pertaining to a fractured bicuspid are not hearsay and are admissible as prior inconsistent statements under A.R.E. Rule 801(d)(1). Appellant argues further that when his affidavit is considered, he has demonstrated that issues of material fact, namely the applicable standard of care and appellee's breach, are in dispute.

■ Appellant does not cite any authority or offer any convincing argument that Rule 801(d)(1) is applicable to affidavits presented in summary judgment proceedings. Rule 801(d)(1)

is expressly applicable to declarants who testify at trial or hearing and are subject to cross-examination. In any event, we need not decide the applicability of Rule 801(d)(1) to this summary judgment case because, as the trial court recognized, even when appellant's affidavit is considered, it does not demonstrate a disputed issue of material fact. Quite simply, a statement that a dentist should have given a particular treatment or taken a particular course of action is not the equivalent of stating the applicable standard of care and breach thereof. Moreover, appellant's affidavit is completely silent regarding the standard of care for the act of negligence alleged in his complaint — the failure to adequately effect the change of an implant for his lower jaw and the failure to warn of the risks involved — and the complaint is completely silent on the fractured bicuspid discussed by Dr. Matthews.

■ Appellant's third point for reversal is that the affidavit of Dr. Massad, which was attached to appellant's response to appellee's motion, was sufficient to withstand the motion for summary judgment. Included in this argument is a "reminder" to this court that appellant's claim was for appellee's omissions in treating the fractured bicuspid. Again, we emphasize that the words "fractured bicuspid" do not appear in appellant's complaint. It may well be that a fractured bicuspid was the reason for the change of the implant. However, there is nothing in this record that remotely suggests that relationship. Because Dr. Massad's affidavit speaks entirely in terms of available treatment for a fractured bicuspid, it is insufficient to withstand a motion for summary judgment on this complaint. In addition, Dr. Massad's affidavit is insufficient to withstand the summary judgment because it simply states that there is treatment available for a fractured bicuspid, but does not state that such treatment is the standard of care applicable to this case so as to contravene Dr. Matthews's affidavit on this point.

■ Appellant's fourth and final point for reversal is that expert testimony was not required in this case. Appellant argues that a fractured tooth is much like a fractured arm inasmuch as it is common knowledge that some form of treatment is available. It is well settled that a plaintiff must present expert testimony when the asserted negligence does not lie within the jury's comprehension as a matter of common knowledge, when the applicable standard of care is not a matter of common knowl-

edge, and when the jury must have the assistance of experts to decide the issue of negligence. *Prater* v. *St. Paul Ins. Co.*, 293 Ark. 547, 739 S.W.2d 676 (1987).

■ Appellant's final argument is entirely without merit. First, as we have previously emphasized, appellant's complaint does not allege that appellee was negligent in failing to treat a fractured tooth. Second, the argument assumes that simply because treatment is available for a medical injury, it follows that it is negligence for a medical care provider not to provide the treatment. That is not and has never been the law of medical malpractice. Rather, to sustain a claim for medical malpractice a plaintiff must prove, among other elements, the applicable standard of care and the defendant's breach thereof. The standard of care applicable to a case is defined by statute as "the degree of skill and learning ordinarily possessed and used by members of the profession of the medical care provider in good standing, engaged in the same type of practice or specialty in the locality in which he practices or in a similar locality." Ark. Code Ann. § 16-114-206(a)(1) (1987). The statute plainly requires more than simple proof that treatment is available. Third, the argument assumes that the implied connection between a fractured bicuspid and the need to change appellant's dental implant is a matter of common knowledge. Suffice it to say that matters relating to the changing of dental implants and treatment of fractured teeth are not matters of common knowledge. *Cf. Napier* v. *Northrum*, 264 Ark. 406, 572 S.W.2d 153 (1978) (quoting *Graham* v. *Sisco*, 248 Ark. 6, 449 S.W.2d 949 (1970), and stating that matters of common knowledge include a surgeon's failure to remove a sponge before closing an incision or to sterilize his instruments prior to operating).

■ Appellant raised an additional point in the introductory portion of his argument which is that the burden of showing entitlement to summary judgment required appellee to offer proof on the issue of proximate causation. To support this argument, appellant relies on a statement from *Brunt* v. *Food 4 Less, Inc.*, 318 Ark. 427, 885 S.W.2d 894 (1994), citing *Collyard* v. *American Home Assurance Co.*, 271 Ark. 228, 607 S.W.2d 666 (1980), that the moving party's burden in a summary judgment proceeding cannot be shifted when there is no offer of proof on a controverted issue. *Collyard* was a slip and fall case in which

the defendant's motion for summary judgment was not supported by an affidavit or any evidence that the defendant was not negligent. In that respect, *Collyard* is distinguished from this case and is not controlling. *See Cash* v. *Lim*, 322 Ark. 359, 908 S.W.2d 655 (1995) (explaining that *Collyard* holds when the proof supporting a motion for summary judgment does not establish a prima facie case, there is no duty on the opposing party to meet proof with proof). In this case, appellee's motion for summary judgment was supported by affidavit revealing that appellant could not prove two essential elements of his claim. Appellee met his burden of proving a prima facie case for summary judgment by showing that appellant had no expert to testify to the applicable standard of care and breach by appellee. Thus, the burden shifted to appellant to show that a disputed issue of fact existed as to those two elements. Appellant's failure to do so excused the need for appellee to show a lack of proof on the element of proximate causation.

■ On appeal, we need only decide if the granting of summary judgment was appropriate based on whether the evidence presented left a material question of fact unanswered. *Reagan*, 305 Ark. 77, 805 S.W.2d 636. The burden of proving there is no genuine issue of material fact is upon the moving party, and all proof submitted is viewed favorably to the opposing party, with all doubts and inferences resolved in the favor of the opposing party. *Brunt*, 318 Ark. 427, 885 S.W.2d 894. Once the moving party makes a prima facie showing of entitlement to summary judgment, the opposing party must meet that proof with proof that a genuine issue of material fact exists. *Reagan*, 305 Ark. 77, 805 S.W.2d 636.

■ In *Reagan*, this court effectively held that, when expert testimony is required for proof of a plaintiff's claim for medical malpractice, and the defendant demonstrates the plaintiff's failure to produce the requisite expert testimony, then the defendant has demonstrated that no genuine issues of material fact exist for presentation to a jury and is therefore entitled to summary judgment as a matter of law. On the record before us, appellee has demonstrated that no material issues of disputed fact exist and that he is entitled to summary judgment as a matter of law. Accordingly, we affirm the granting of summary judgment.

ROAF, J., not participating.