Cite as 2021 Ark. App. 73

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CV-20-61

| | |
|---|---|
| MICHAEL B. STEWART<br><br>APPELLANT<br><br>V.<br><br>WILLIAM DEATON, M.D.; MELANIE HOOVER, M.D.; RADIOLOGY ASSOCIATES, P.A.; MERRITT RAUSCH; WILLIAM CARLE, M.D.; OCCUPATIONAL HEALTH CENTERS OF ARKANSAS D/B/A CONCENTRA HEALTH SERVICES, INC.; AND JOHN AND JANE DOES A–Z<br><br>APPELLEES | **Opinion Delivered:** February 17, 2021<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, NINTH DIVISION<br>[NO. 60CV-17-5760]<br><br>HONORABLE MARY SPENCER MCGOWAN, JUDGE<br><br>AFFIRMED |

## RITA W. GRUBER, Judge

Appellant Michael Stewart timely appeals two Pulaski County Circuit Court orders dismissing his complaint for medical malpractice pursuant to summary-judgment motions filed by appellees and finding that he failed to demonstrate he had a qualified expert witness. The appellees are William Deaton, M.D.; Melanie Hoover, M.D.; Radiology Associates, P.A. (RAPA); Merritt Rausch; William Carle, M.D.; and Occupational Health Centers of Arkansas d/b/a Concentra Health Services, Inc. (Concentra). For reversal, appellant first contends that appellees failed to carry their initial burden of proving that appellant was required to provide expert testimony and, second, that appellant's affidavit supplied in

response to appellees' motions for summary judgment raised material questions of fact left unanswered. We affirm.

Appellant's initial and amended complaints alleged the following facts. On October 13, 2015, appellant went to Concentra Health Center after he injured his back at work while lifting a "fifty pound chiller." He was seen by Merritt Rausch,[1] who was supervised by Dr. Carle. An x-ray was ordered, and appellant was prescribed medicine and physical therapy three times a week for two weeks. Appellant returned to Concentra on October 15 and reported that he was doing worse. On October 16, RAPA performed computerized tomography (CT) scans of appellant's lumbar spine and bony pelvis. Dr. Deaton did not identify a fracture in appellant's lumbar spine, and Dr. Hoover did not identify a fracture in appellant's bony pelvis. Appellant had continued pain and sought a second opinion from Dr. Allan Gocio at the University of Arkansas for Medical Sciences (UAMS) on November 20. Dr. Gocio diagnosed appellant with a herniated disc at L5–S1 and subsequently performed surgery to repair the herniated disc.

On October 12, 2017, appellant filed a medical–malpractice action against appellees alleging that they failed to properly diagnosis his condition; caused a delay in the proper diagnosis of his condition; failed to properly read CT scans and x-rays; and failed to properly treat his condition. Appellant alleged that Concentra was vicariously liable for the negligence of Rausch and Dr. Carle and that RAPA was vicariously liable for the actions of Dr. Deaton

---

[1]At the hearing on the motion for summary judgment, Rausch was identified as a physician assistant.

and Dr. Hoover. An amended complaint, which basically made the same allegations of negligence, was filed May 8, 2018.[2]

On August 29, 2018, Dr. Deaton, Dr. Hoover, and RAPA filed requests for admission, which asked appellant to admit that he did not have the requisite expert testimony to establish the elements of his medical-malpractice claim. On October 3, Rausch, Dr. Carle, and Concentra filed identical requests for admission. These requests for admission were served on appellant, but he did not file responses to either of the requests.[3]

Concentra, Rausch, and Dr. Carle filed a motion for summary judgment on November 21, 2018, arguing that they were entitled to summary judgment because the attached requests for admission should be deemed admitted, and without expert testimony, appellant could not meet his burden of proof. They also argued that one of appellant's discovery responses indicated that he did not consider them to be liable. RAPA, Dr. Deaton, and Dr. Hoover filed a similar motion for summary judgment on November 26 contending that they were entitled to summary judgment because their attached requests for admission should be deemed admitted and conclusively establish that appellant could not satisfy his burden of proof.

---

[2]The initial complaint referred to Dr. Carle as Dr. William Scott. The amended complaint corrected this misnomer. The amended complaint also changed the party name for Concentra to Occupational Health Centers of Arkansas d/b/a Concentra Health Services.

[3]The circuit court, in the orders that are on appeal, ruled that the requests were deemed admitted pursuant to Rule 36 of the Arkansas Rules of Civil Procedure. Appellant does not challenge this ruling on appeal.

After two extensions of time, appellant filed responses to the summary-judgment motions on January 18, 2019, arguing that the deemed admissions are not dispositive of his claim and that, although appellant did not have an expert when the requests for admission were due, he had since retained an expert and could satisfy the statutory burden of proof at trial. In support of his response, appellant attached an affidavit of Dr. Vernon Johnson. In reply, Rausch, Dr. Carle, and Concentra argued that the response was untimely and could not be considered; appellant's response and affidavit did not create genuine issues of fact; and the affidavit itself is substantively insufficient. Dr. Deaton, Dr. Hoover, and RAPA made similar arguments in their reply.

On March 14, 2019, the circuit court held a hearing on the motions for summary judgment. Appellant's counsel conceded that the requests for admission needed to be filed but were not filed. However, he argued that even though those statements were admitted at that time, it did not prevent appellant from going forward based on Dr. Johnson's affidavit. In addition, the parties argued whether appellant's affidavit was sufficient to create a genuine issue of material fact in order to defeat appellees' motions for summary judgment. Part of this argument included whether Dr. Johnson was a qualified expert. Appellant's counsel conceded that Dr. Johnson's curriculum vitae was not attached to the affidavit as indicated but argued that the affidavit was nevertheless sufficient because the doctor attests that he is a "medical doctor." The circuit court took the case under advisement and entered two orders on September 20, 2019, granting summary judgment to appellees. The orders provided in pertinent part: (1) appellant failed to respond to appellees' requests for admission and therefore the matters contained therein were deemed admitted pursuant to Rule 36 of

4

the Arkansas Rules of Civil Procedure; (2) appellant was granted extensions to respond to the motions for summary judgment; (3) appellant's responses filed January 18, 2019, did not include the curriculum vitae for the physician; (4) "Without the affidavit, there is no way to establish whether or not the medical doctor is a 'qualified expert' pursuant to Arkansas Code Annotated section 16-114-206(a)(1)"; (5) proof required to survive a motion for summary judgment in a medical–malpractice case must be in the form of expert testimony;[4] and (6) appellant failed to demonstrate that he has a qualified expert and therefore his claim cannot be sustained. Appellant filed a timely notice of appeal from both orders.

On appeal, we need only decide if the granting of summary judgment was appropriate based on whether the evidence left a material question of fact unanswered. *Robson v. Tinnin*, 322 Ark. 605, 612, 911 S.W.2d 246, 249–50 (1995). The burden of proving there is no genuine issue of material fact is upon the moving party, and all proof submitted is viewed favorably to the opposing party, with all doubts and inferences resolved in favor of the opposing party. *Id.* Once the moving party makes a prima facie showing of entitlement to summary judgment, the opposing party must meet proof with proof that a genuine issue of material fact exists. *Id.*

In medical–malpractice actions, unless the asserted negligence could be comprehended by a jury as a matter of common knowledge, the plaintiff has the burden of proving three propositions by expert testimony: the applicable standard of care; that the

---

[4]We note that expert testimony is required to establish the elements of a medical-malpractice claim unless the asserted negligence is within the common knowledge of a layperson. *See* Ark. Code Ann. § 16-114-206(a); *Haase v. Starnes*, 323 Ark. 263, 915 S.W.2d 675 (1996).

medical provider failed to act in accordance with that standard; and that such failure was the proximate cause of the plaintiff's injuries. Ark. Code Ann. § 16-114-206(a) (Repl. 2016). It is well settled that a plaintiff must present expert testimony when the asserted negligence does not lie within the jury's comprehension as a matter of common knowledge, when the applicable standard of care is not a matter of common knowledge, and when the jury must have the assistance of experts to decide the issue of negligence. *Haase v. Starnes*, 323 Ark. 263, 915 S.W.2d 675 (1996).

Appellant first argues that appellees failed to carry their initial burden of proving that appellant was required to provide expert testimony. He contends that appellees had the "threshold burden of establishing that the asserted negligence . . . did not lie within the jury's comprehension as a matter of common knowledge, the applicable standard of care was not a matter of common knowledge, and that a jury must have the assistance of experts to decide the issue in this case." Appellant, however, did not raise this argument either in response to the motion for summary judgment or at the hearing. It is well settled that this court will not consider arguments raised for the first time on appeal. *Worden v. Kirchner*, 2013 Ark. 509, at 5, 431 S.W.3d 243, 247 (2013).[5]

Regardless, our supreme court has held that the defendants/movants in a medical-malpractice case met their burden of proving a prima facie case for summary judgment by showing that the plaintiff has no expert to testify as to the breach of the applicable standard of care. *See, e.g.*, *Skaggs v. Johnson*, 323 Ark. 320, 915 S.W.2d 253 (1996); *Robson*, *supra*. In

---

[5]Although appellant did not raise the burden-of-proof issue below, appellant touched on the issue of common knowledge at the hearing, albeit briefly.

*Hamilton v. Allen*, 100 Ark. App. 240, 267 S.W.3d 627 (2007), this court took the opportunity to review and clarify the parties' burdens of proof regarding summary judgment in a medical-malpractice action. We stated:

> When the defendant demonstrates the plaintiff's failure to produce the requisite expert testimony, the defendant has demonstrated that no genuine issues of material fact exist and is therefore entitled to summary judgment as a matter of law. *Id.*; *Skaggs v. Johnson*, *supra*; *Robson v. Tinnin*, *supra*; *Brumley v. Naples*, *supra*; *Reagan v. City of Piggott*, 305 Ark. 77, 805 S.W.2d 636 (1991). The moving party is not required to support its motion with affidavits or other materials further negating the plaintiff's claim. *See* Ark. R. Civ. P. 56 and *Celotex* [*Corp. v. Catrett*, 477 U.S. 317 (1986)].

*Id.* at 249, 267 S.W.3d at 634.

In the present case, appellees met their initial burden by showing, from the attached requests for admissions to which appellant failed to file responses, that appellant had no expert to testify as to the elements of his medical-malpractice claim in order to meet his burden of proof. *See Hardesty v. Baptist Health*, 2013 Ark. App. 731, 431 S.W.3d 327. In *Hardesty*, we affirmed the grant of summary judgment to the defendants in a medical-malpractice action because the appellants failed to respond to requests for admission. We explained that by failing to respond to the requests for admission, appellants had admitted that they had no expert testimony to support the allegations in their complaint. *Id.* Appellants in that case also argued that the issue of negligence was within the common knowledge of the jury, but we did not address the argument because they failed to explain how the issue would be within the common understanding of the jury, noting that we do not consider arguments without convincing argument or authority. *Id.* at 8, 431 S.W.3d at 332. Inasmuch as appellant is suggesting that the issues in this case are within the common knowledge of the jury, like the appellants in *Hardesty*, appellant has failed to provide an

7

explanation, and we do not consider arguments without convincing argument or authority. *Id*.

For his second point on appeal, appellant argues that his affidavit from Dr. Vernon Johnson left material questions of fact unanswered. In medical-malpractice cases, a defendant is entitled to summary judgment when it is shown that the plaintiff has no qualified expert to testify as to the applicable standard of care. *Dodd v. Sparks Reg'l Med. Ctr.*, 90 Ark. App. 191, 199, 204 S.W.3d 579, 584 (2005) (citing *Skaggs v. Johnson*, 323 Ark. 320, 915 S.W.2d 253 (1996); *Robson*, *supra*; *Brumley v. Naples*, 320 Ark. 310, 896 S.W.2d 860 (1995)). The affidavit of Dr. Johnson does not establish that he is a qualified medical expert. The determination of an expert witness's qualification is within the sound discretion of the circuit court. *First Commercial Tr. Co. v. Rank*, 323 Ark. 390, 915 S.W.2d 262 (1996). It is not critical whether the proposed expert is a general practitioner or a specialist so long as he exhibits knowledge of the subject. *Cathey v. Williams*, 290 Ark. 189, 718 S.W.2d 98 (1986). When a duly licensed and practicing physician has gained knowledge of the standard of care applicable to a specialty in which he is not directly engaged but as to which he has an opinion based on education, experience, observation, or association within that specialty, his opinion is competent. *Id*.

Here, Dr. Johnson's affidavit provides only that he is a "medical doctor." Although the affidavit states that his curriculum vitae is attached, it was not attached, a fact that appellant concedes. Given these facts, we cannot say that the circuit court abused its discretion in determining that Dr. Johnson is not a qualified expert witness.

In *Dodd*, *supra*, this court upheld a grant of summary judgment to defendants in a medical-malpractice case on the basis that the plaintiff's expert witness was not qualified to offer an expert opinion. The affidavit in that case provided that the doctor completed medical school in 1956 after which he completed a two-year internship at UAMS and received a year of training as a staff physician in the psychiatric ward at Fort Roots VA Hospital. This training was followed by a forty-one-year practice as an anesthesiologist, where a large number of his patients were under psychiatric care. In affirming, we found no abuse of discretion because the affidavit failed to demonstrate that the doctor was knowledgeable by either training or experience as to the standard of care for psychiatric patients. We elaborated that the affidavit did not specify whether the doctor treated patients at Fort Roots for their physical ailments or psychiatric conditions and did not disclose whether he had become intimately familiar with the diagnosis and treatment of psychiatric patients in either his one-year stint at Fort Roots, or his forty-one-year career as an anesthesiologist. Further, we agreed with the appellees that the doctor's statement as to his qualifications was vague and conclusory and did not establish sufficient familiarity with the field of either psychiatry or psychology in order to render an expert opinion. *Id.* (citing *Goodwin v. Harrison*, 300 Ark. 474, 780 S.W.2d 518 (1989)).

In stark contrast, Dr. Johnson's affidavit provides only that he is a "medical doctor." There is no information about his qualifications, education, or experience from which the circuit court could conclude that he was a qualified medical expert. On these facts, we cannot say the circuit court abused its discretion. Accordingly, we affirm the circuit court's orders granting summary judgment.

Affirmed.

VIRDEN and BARRETT, JJ., agree.

*Willard Proctor, Jr., P.A.*, by: *Willard Proctor, Jr.*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *Tyler D. Bone*, for separate appellees William Deaton, M.D.; Melanie Hoover, M.D.; and Radiology Associates, P.A.

*Barber Law Firm, PLLC*, by: *G. Spence Fricke* and *Rachel E. Hildebrand*, for separate appellees Merritt Rausch; William Carle, M.D.; and Occupational Health Centers of Arkansas d/b/a Concentra Health Services, Inc.